

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-26-00473-CV

Henry B. **BERROCAL**,
Appellant

v.

**WELLS FARGO BANK, N.A.**, Huertas LLC, Heo Jong Hwa, Choi Yong In,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2026-CI-12325
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Lori Massey Brissette, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: July 22, 2026

DISMISSED FOR LACK OF JURISDICTION

On June 15, 2026, appellant filed a notice of interlocutory appeal and an emergency motion for temporary relief. We denied appellant's motion for temporary relief on June 17, 2026.

Appellant's motion and notice of appeal indicated that he wished to challenge the trial court's "constructive denial and explicit refusal to execute a written order on Plaintiff's Emergency Verified Application for Writ of Sequestration." In response to an inquiry from this court, the Bexar County District Clerk's Office confirmed that the trial court had not signed any judgments

or orders in this case. On June 17, 2026, the district clerk filed the clerk's record, and it did not contain any written orders or judgments.

Our appellate jurisdiction is limited to appeals from written, signed final judgments and appealable interlocutory orders. *See, e.g.*, *Sammour v. Fed. Gov't*, No. 02-20-00268-CV, 2020 WL 6601596, at *1 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (per curiam) (mem. op.); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(a) (listing appealable interlocutory orders). Because no appealable judgment or order has been signed in the underlying case, we ordered appellant to show cause in writing by July 2, 2026 why this appeal should not be dismissed for lack of jurisdiction. We notified appellant that if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(a), (c).

On June 17, 2026, appellant filed a response and a revised/supplemental response to our show cause order. Appellant's responses alternatively requested mandamus relief, and we docketed those requests under cause number 04-26-00486-CV. This court denied appellant's petition for writ of mandamus in cause number 04-26-00486-CV on July 15, 2026.

In his responses to our show cause order in this direct appeal, appellant concedes that a "written judgment is typically required to anchor appellate jurisdiction," but he also argues that "Texas law recognizes an exception when a trial court system actively engages in administrative obstruction to prevent the entry of a signed order, thereby insulating itself from review." Appellant's responses cite no authority for this purported exception. *See Paxton v. City of Austin*, — S.W.3d —, No. 24-1078, 2026 WL 1445577, at *1 (Tex. May 22, 2026) ("Because there is no order from which the State can appeal, the court of appeals was not wrong to conclude it lacked appellate jurisdiction."). Because no written order or judgment has been signed in this case, we dismiss this appeal for lack of jurisdiction. *See Sammour*, 2020 WL 6601596, at *1.

PER CURIAM